IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ANTHONY CARTER, SR., | ) |
| | ) |
|         **Plaintiff** | ) |
| | )   Civil Action No. 05-311-KAJ |
|         vs. | ) |
| | )   Honorable Kent A. Jordan |
| MARMON KEYSTONE, | ) |
| | ) |
|         **Defendant.** | ) |

## MOTION TO DISMISS COMPLAINT

Defendant, Marmon/Keystone Corporation ("Marmon Keystone"), by its attorneys, Snyder & Associates, P.A., and Cohen & Grigsby, P.C., and pursuant to Federal Rules of Civil Procedure 12(b)(4) and (5), respectfully moves this Court to dismiss Plaintiff's Complaint. As set forth fully below, Plaintiff's Complaint should be dismissed because Plaintiff failed to: (i) serve his Complaint within 120 days of filing; and (ii) include a copy of his Complaint with his request for waiver of service of summons.

### I. INTRODUCTION

*Pro se* Plaintiff, Anthony Carter, Sr., initiated this action on May 19, 2005. On September 20, 2005, Plaintiff mailed a Notice of Lawsuit and Request for Waiver of Service of Summons ("Request for Waiver") to Linda McCue, Vice President, Human Resources for Marmon Keystone. See Affidavit of Linda McCue ("McCue Aff.") at ¶¶ 1-2; Exhibit 1 to McCue Aff. (The McCue Aff. is being filed with the Court contemporaneously with the filing of Marmon Keystone's Motion to Dismiss). Plaintiff's Request for Waiver did not include a copy of the Complaint. McCue Aff. at ¶ 3.

Marmon Keystone now moves to dismiss Plaintiff's Complaint pursuant to Federal Rules of

Civil Procedure 12(b)(4) and (5).

## II. ARGUMENT

Pursuant to the Federal Rules of Civil Procedure, a court may dismiss a complaint because of "insufficiency of process" or "insufficiency of service of process." Fed. R. Civ. P. 12(b)(4) and (5). See e.g., 2 Moore's Federal Practice, § 12.33[1] (Matthew Bender 3d ed.) (noting that "Rule 12(b)(4) challenges the *form* of process and Rule 12(b)(5) challenge [sic] the *method* of serving process on the persons sued"). Specifically, a plaintiff must comply with the provisions of Federal Rule of Civil Procedure 4, and "notice cannot by itself validate an otherwise defective service." Ayres v. Jacobs & Crumplar, P.A., 99 F.3d 565 (3d Cir. 1996) (quoting Grand Entertainment Group Ltd. v. Star Media Sales Inc., 988 F.2d 476, 492 (3d Cir. 1983)). Upon these standards, Plaintiff's Complaint should be dismissed.

A. **Plaintiff Failed To Serve His Complaint Within 120 Of Filing.**

Federal Rule of Civil Procedure 4(m) provides, in relevant part, "If service of the summons and complaint is not made upon the defendant within 120 day after the filing of the complaint, the court, upon motion or on its own initiative after notices to the plaintiff, shall dismiss the action without prejudice." See also McCurdy v. American Bd. of Plastic Surgery, 157 F.3d 191 (3d Cir. 1998). In this case, Plaintiff ostensibly filed his Complaint on May 19, 2005, but did not mail his Request for Waiver until September 20, 2005 -- 124 days later. See McCue Aff. at ¶ 2. Thus, Plaintiff has not timely served his Complaint as required by Rule 4(m). Accordingly, Plaintiff's Complaint should be dismissed pursuant to Rules 12(b)(4) and (5).

B. **Plaintiff Failed To Include A Copy Of His Complaint With His Request For Waiver Of Service.**

Pursuant to Federal Rule of Civil Procedure 4(d)(2)(C), a plaintiff requesting waiver of service of process must include with the notice and request "a copy of the complaint … identify[ing] the court in which it has been filed." Plaintiff mailed is Request for Waiver to Linda McCue, Marmon Keystone's Vice President, Human Resources, on September 20, 2005. McCue Aff. at ¶ 1-2. However, Plaintiff's Request for Waiver was not accompanied by a copy of the Complaint. Id. at ¶ 3. Therefore, Plaintiff has failed to comply with the requirements of Rule 4(d))(2)(C), and his Complaint should be dismissed pursuant to Rules 12(b)(4) and (5).

III. **CONCLUSION**

For all of the foregoing reasons, Defendant, Marmon/Keystone Corporation, respectfully requests that this Court grant its Motion to Dismiss Plaintiff's Complaint in its entirety.

Respectfully submitted,

SNYDER & ASSOCIATES, P.A.

s/Bayard J. Snyder
BAYARD J. SNYDER, ESQUIRE
300 Delaware Avenue, Suite 1014
P.O. Box 90
Wilmington, DE 19899
(302) 657-8300
Bar # 175
Attorney for Marmon/Keystone Corporation

DATED:   November 22, 2005

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| **ANTHONY CARTER, SR.,**           ) | |
| )   | |
| **Plaintiff**          ) | |
| )   | **Civil Action No. 05-311-KAJ** |
| vs.                                )   | |
| )   | **Honorable Kent A. Jordan** |
| **MARMON KEYSTONE,**           ) | |
| )   | |
| **Defendant.**          ) | |

## ORDER GRANTING MOTION

AND NOW, this ____ day of _____, 2005, upon consideration of Defendant Marmon Keystone's Motion to Dismiss, it is hereby ORDERED, ADJUDGED and DECREED that the Motion is Granted and Plaintiff's Complaint is DISMISSED in its entirety.

_____
United States District Judge

Date: _____

- 4 -

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Motion to Dismiss Complaint was served on November 22, 2005, via first-class mail, postage prepaid, upon the following:

Anthony Carter, Sr.
28 Monticelo Blvd.
New Castle, Delaware 19720

    s/Bayard J. Snyder
BAYARD J. SNYDER, ESQUIRE