IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ANTHONY CARTER, SR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| MARMON/KEYSTONE CORP., ) | Civil Action No. 05-311-KAJ |
| ) | |
| Defendant. ) | |

**MEMORANDUM ORDER**

I.  INTRODUCTION

Before me is a Motion to Dismiss for insufficiency of process and insufficiency of service of process (Docket Item ["D.I."] 10; the "Motion"), filed by the Defendant, Marmon/Keystone Corporation ("Marmon Keystone"). The Complaint, filed by Anthony Carter, Sr. ("Carter") alleges that Marmon Keystone discriminated against him because of his race, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et. seq. ("Title VII") and the Delaware Discrimination in Employment Act. (D.I. 2.) Jurisdiction is appropriate under 28 U.S.C. § 1331. For the reasons that follow, the Motion is denied.

II. BACKGROUND

On May 19, 2005, Carter filed this complaint alleging wrongful termination under Title VII and the Delaware Discrimination in Employment Act. (D.I. 2.) Carter mailed a Notice of Lawsuit and Request for Waiver of Service of Summons ("Request for

Waiver") to Linda McCue, Vice President of Human Resources for Marmon Keystone, on September 20, 2005. (D.I. 10 at 1.) This was the only attempt at service of process made by Carter on Marmon Keystone. Carter states he was unaware that a copy of the complaint had to accompany the waiver. (D.I. 11 at 1.) His effort at service came shortly after the 120 day period prescribed by Federal Rule of Civil Procedure 4(m). (D.I. 10 at 1.)

## III.    DISCUSSION

Marmon Keystone claims that Carter's service of summons was untimely under Federal Rule of Civil Procedure 4(m), as it was served outside the 120-day window. (D.I. 10 at 3.) It also argues that service of process was insufficient under Federal Rule of Civil Procedure 4(d)(2)(C), because, when Carter did mail his notice of the lawsuit, he did not attach a copy of the complaint. (D.I. 10 at 3).

Rule 4(m) states, in relevant part, that "i[]f service of the summons and complaint is not made ... within 120 days after the filing of the complaint, the court, ... shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time." By the express terms of the Rule, I am not required to dismiss a complaint when service has not been perfected within 120 days because I am authorized to "direct that service be effected within a specified time." Moreover, the Advisory Committee Note to Federal Rule of Civil Procedure 4 instructs that "the court ... [can] relieve a plaintiff of the consequences of an application of this subdivision even if there is no good cause shown[,]" and that "the district court should also take care to protect pro se plaintiffs from consequences of confusion ... ." See Fed. R. Civ. P. 4(m) Advisory Committee Note (1993 Amendment).

Here, Carter filed his complaint on May 19, 2005. (D.I. 10 at 2.) The Notice of Lawsuit and Request of Waiver for the Service of Summons that he sent was received by Marmon Keystone on September 27, 2005 (*id.* at attached affidavit of Linda McCue), only slightly outside the 120-day window. Carter did fail to send a copy of the complaint with the notice he sent, and thus failed to comply with the requirements of Federal Rule of Civil Procedure 4(d)(2)(c). But because Carter is a pro se litigant, and because I have the discretion to extend the time for service of process, I will deny Marmon Keystone's Motion. I will permit Carter another chance to provide proper service or to properly seek waiver of service under the Federal Rules of Civil Procedure. He must comply with the provisions of Federal Rule of Civil Procedure within thirty days from the date of this Order.

## IV. CONCLUSION

Accordingly, it is hereby ORDERED that the Motion to Dismiss (D.I. 10) filed by defendant Marmon/Keystone Corporation is DENIED. IT IS FURTHER ORDERED that, within thirty days from the date of this order, the plaintiff, Anthony Carter, Sr., shall comply with the provisions of Rule 4 of the Federal Rules of Civil Procedure in either effecting service of process or requesting that the defendant waive service of process.

_____
UNITED STATES DISTRICT JUDGE

April 7, 2006
Wilmington, Delaware