IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ANTHONY CARTER, SR., ) | |
| ) | |
| Plaintiff ) | |
| ) | Civil Action No. 05-311-KAJ |
| vs. ) | |
| ) | Honorable Kent A. Jordan |
| MARMON KEYSTONE ) | |
| ) | |
| Defendant. ) | |

## RENEWED MOTION TO DISMISS COMPLAINT

Defendant, Marmon/Keystone Corporation ("Marmon Keystone"), by its attorneys, Snyder & Associates, P.A., and Cohen & Grigsby, P.C., and pursuant to Federal Rules of Civil Procedure 12(b)(4) and (5), respectfully renews its Motion to Dismiss Plaintiff's Complaint, stating as follows

### I. INTRODUCTION

*Pro se* Plaintiff, Anthony Carter, Sr., initiated this action on May 19, 2005. On September 20, 2005, Plaintiff mailed a Notice of Lawsuit and Request for Waiver of Service of Summons ("Request for Waiver") to Linda McCue, Vice President, Human Resources for Marmon Keystone. *See* Affidavit of Linda McCue ("McCue Aff.") at ¶¶ 1-2; Exhibit 1 to McCue Aff. Plaintiff's Request for Waiver did not include a copy of the Complaint. McCue Aff. at ¶ 3.

Marmon Keystone moved to dismiss Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure 12(b)(4) and (5) because Plaintiff failed to: (i) serve his Complaint within 120 days of filing; and (ii) include a copy of his Complaint with his request for waiver of service of summons.

Plaintiff filed an opposition to Marmon Keystone's Motion to Dismiss, styled as a "Motion of Right of Appeal" ("Plaintiff's Opposition"), on November 28, 2005. As set forth in Marmon Keystone's Reply in Support of Motion to Dismiss filed on December 5, 2005, Plaintiff's Opposition did not dispute that Plaintiff failed to serve Marmon Keystone with a copy of his Complaint within 120 days of filing as required by Federal Rules of Civil Procedure 4(m) and 4(d)(2)(C).

Acknowledging that Plaintiff had failed to serve his Complaint within 120 days of filing on April 7, 2006, this Court denied Marmon Keystone's Motion to Dismiss and directed Plaintiff to "comply with the provisions of Rule 4 of the Federal Rules of Civil Procedure in either effecting service of process or requesting that [Marmon Keystone] waive service of process" within thirty (30) days of the Court's Order.

On April 17, 2006, Plaintiff served Marmon Keystone's counsel with a Summons in a Civil Case ("Summons"), but again failed to serve a copy of his Complaint. *See* Affidavit of Bayard J. Snyder("Bayard J. Snyder Aff.") at ¶¶ 1-3; Exhibit 1 to Bayard J. Snyder Aff. (The Bayard J. Snyder Aff. is being filed with the Court contemporaneously with the filing of this Motion.) Because Plaintiff failed to properly effect service of process or request a waiver of service of process within thirty (30) days of April 7, 2006 as ordered, Marmon Keystone again moves to dismiss Plaintiff's Complaint.

## II. ARGUMENT

Pursuant to the Federal Rules of Civil Procedure, a court may dismiss a complaint because of "insufficiency of process" or "insufficiency of service of process." Fed. R. Civ. P. 12(b)(4) and (5). *See, e.g.*, 2 Moore's Federal Practice, § 12.33[1] (Matthew Bender 3d ed.) (noting that "Rule 12(b)(4) challenges the *form* of process and Rule 12(b)(5) challenge [sic] the *method* of serving process on the persons sued"). Specifically, a plaintiff must comply with the provisions of Federal Rule of Civil Procedure 4, and "notice cannot by itself validate an otherwise defective service." Ayres v. Jacobs & Crumplar, P.A., 99 F.3d 565 (3d Cir. 1996) (quoting Grand Entertainment Group Ltd. v. Star Media Sales Inc., 988 F.2d 476, 492 (3d Cir. 1983)). Upon these standards, Plaintiff's Complaint should be dismissed.

Pursuant to this Court's April 7, 2006 Order, Plaintiff was required to perfect service or properly request waiver of service within thirty (30) days of April 7, 2006 (*i.e.*, May 8, 2006). On April 17, 2006, Plaintiff served Marmon Keystone's counsel with a Summons. Bayard J. Snyder Aff. at ¶¶ 1-2. Contrary the Federal Rules of Civil Procedure, however, the Summons was not accompanied by a copy of Plaintiff's Complaint. Bayard J. Snyder Aff. at ¶ 3. Indeed, Federal Rule of Civil Procedure 4(c)(1) provides:

> A summons ***shall be served together with a copy of the complaint***. The plaintiff is responsible for service of a summons and complaint within the time allowed under subdivision (m) … (emphasis added).

Thus, Plaintiff failed to satisfy the requirements of Rule 4 on or before May 8 as ordered by this Court. Accordingly, Marmon Keystone again moves to dismiss Plaintiff's Complaint.

## II. CONCLUSION

For all of the foregoing reasons, Defendant, Marmon/Keystone Corporation, respectfully requests that this Court grant its Renewed Motion to Dismiss Plaintiff's Complaint in its entirety.

Respectfully submitted,

   /s/ Bayard J. Snyder
Bayard J. Snyder, Esq.
SNYDER & ASSOCIATES, P.A.
300 Delaware Avenue, Suite 1014
P.O. Box 90
Wilmington, DE  19899
(302) 657-8300
Bar #175

James B. Brown, Esq.
Floyd A. Clutter, Esq.
COHEN & GRIGSBY, P.C.
11 Stanwix Street, 15th Floor
Pittsburgh, PA  15222-1319
(412) 297-4900

Counsel for Marmon/Keystone Corporation

Dated: June 8, 2006

- 5 -

## CERTIFICATE OF SERVICE

I hereby certify that a two copies of the foregoing Renewed Motion to Dismiss Complaint were served on June 8, 2006, via first-class mail, postage prepaid, upon the following:

> Anthony Carter, Sr.
> 28 Monticelo Blvd.
> New Castle, Delaware 19720

      /s/ Bayard J. Snyder

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| **ANTHONY CARTER, SR.,** | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | **Civil Action No. 05-311-KAJ** |
| vs. | ) | |
| | ) | **Honorable Kent A. Jordan** |
| **MARMON KEYSTONE,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER GRANTING MOTION

AND NOW, this ____ day of _____, 2006, upon consideration of Defendant Marmon Keystone's Renewed Motion to Dismiss, it is hereby ORDERED, ADJUDGED and DECREED that the Motion is Granted and Plaintiff's Complaint is DISMISSED in its entirety.

_____
United States District Judge