Anthony Carter, Sr.
28 Monticello Blvd.
New Castel, DE 19720
(302) 562-7587

Magistrate Judge Mary Pat Thynge
United States District Court
District Of Delaware
J. Caleb Boggs Federal Bldg.
844 North King St., Room 6100
Lockbox 8
Wilmington, DE 19801

**RE: Carter v. Marmon Keystone**
**C.A. No.: 05-311KAJ**

Dear Honorable Judge Thynge:

I am Anthony Carter, Sr., former employee of Marmon Keystone Corporation ("Marmon Keystone") in the above caption matter. This case involves discrimination that lead to retaliation and wrongful termination of employment.

I Anthony Carter, Sr., ("Mr. Carter") initiated this action on May 19, 2005 by filing a Complaint with the Court. I Anthony Carter, Sr. is representing myself in the above caption matter.

At this time I would like to acknowledge receipt of Notice of Electronic Filing that was entered on 12/15/2006 at 3:54 PM EST and filed on 12/15/2006.

I Mr. Carter am currently a Staff Sergeant for the United States Army National Guard and have completed 25+ years of service. During my service with the Army National Guard I have extensive experience in personnel management, physical training for troops, and staff retention. My current responsibilities include Human Relations /Equal Opportunity Officer, I have successfully completed 80 hours of training for the Department of the Army for Equal Opportunity and Harassment free workplace.

It is my understanding that Title VII of the Civil Rights Act of 1964 is the cornerstone of the federal laws that prohibit discrimination in the workplace. This law prevents discrimination or harassment of employee because of race, color, religion, sex or national origin. Title VII also prohibits employers from retaliation against employee who have raised a complaint or filed a claim of the employment discrimination.

Anthony Carter, Sr.
28 Monticello Blvd.
New Castel, DE 19720
(302) 562-7587

Honorable Judge Thynge I am fully aware that you have full understanding of the Civil Right Act of 1964. And it is my intention to present to the U.S. District Court District of Delaware that Marmon Keystone violated the Civil Right Act of 1964.

Please allow me to summarize my complaint:

I was hired as a Warehouse person with Marmon Keystone on 5/02/02 this offer was extended to me by Dave Levenson, Operations Manager. Dave Levenson advised me that I would get a raise once I completed a 90-day probation. Dave Levenson denied my raise because of a new policy implemented regarding a skill set requirement. This skill set (Saw Operations) was not made available to me due to the fact I was working 3rd shift and there was no training available. Prior to completing my 90-day probation I had learned to operate 4 out of 6 of the saws. This new policy prohibited me from making any advancement in regards to my income.

On June 13, 2003 myself along with another African American employee (Chris Fountain) were written up for taking and unscheduled break and extended lunch hour on June 12, 2003 by Dave Levenson, Operations Manager. The facts' regarding this issue is as follows: Myself, Chris Fountain and Stan Gryzbowski (Caucasian) went to lunch together at the appropriate lunch hour. This incident is a classic case of discrimination the 2 out of the 3 people who were involved that were written up were African American. At that time I asked Dave Levenson for the People Connection (employee services) contact information and he stated he did not have it and would get back with me.

From this point on I was subjected to severe, frequent and pervasive harassment, I often had informal discussions with my immediate Supervisor Tim Slaughter regarding my concerns with the uncomfortable work environment. And because I did not receive any attention or resolution that would improve the work environment I decided to call a meeting on January 26, 2004 in attendance was Tim Wamba, Branch Manager, Dave Levenson, Operations Manager, Tim Slaughter Warehouse Supervisor and Debra Burt the Human Resource Representative. The objective of the meeting was to inform them as a team of my concerns regarding discrimination, harassment and pay issues. At the conclusion of the meeting I was informed that if I learned all the jobs in the warehouse I would be considered for a raise, however there was no guarantee. The discrimination and harassment concerns were not addressed. Tim Wamba and Debra Burt were taking minutes during this discussion. During my closing remarks I requested the People Connection contact information and at that time Debra Burt made this information available to me.

According to Marmon Keystone associate handbook if an employee believes that a violation of our fair employment or fair treatment policies has occurred the employee should take the following steps in reporting the concern: **1)** Explain the situation to their immediate supervisor or manager **2)** if you are not satisfied with your supervisor/managers response or if you are uncomfortable speaking with him or her,

2

Anthony Carter, Sr.
28 Monticello Blvd.
New Castel, DE 19720
(302) 562-7587

immediately contact his or her manager or your human resources representative. **3)** If you still feel that sufficient attention has not been given to your complaint, or if you are uncomfortable speaking with someone in your branch, contact the Employee Connection.

On January 28, 2004 I called the Employee Connection to report that I was subjected to severe, frequent and pervasive harassment. I spoke with Linda McCue, VP of Human Resources for Marmon Keystone Corporation. On February 13, 2004 I received via company interoffice mail written correspondence from Linda McCue (exhibit 1) summarizing our discussion. And no action was taken to resolve my concerns regarding discrimination or harassment.

On February 13, 2004 I was operating Overhead Crane approximately 2:30 pm and I heard someone yell so I stopped operation and the crane was sitting in front of a scissor lift I walked over to the scissor lift and asked the electrician if he was ok and he responded yes. Once the electrician had completed his task I proceeded to complete the operation of the overhead crane and at the end of my shift I went home as usual.

At 5:45 pm I received a call from Tim Slaughter and he instructed me to come pick up forms to take a drug test in reference to the incident that occurred during my shift with the Overhead Crane. Tim Slaughter advised that it is company policy to request a drug screening when an employee is involved in an accident.

My sons and I proceeded to go pick up the necessary forms from my place of employment skipping basketball practice and dinner. I was instructed to take the drug test immediately at Concentra Newark, DE. I arrived at the laboratory at approximately 6:45 pm and once I arrived I was told there was not a Technician on site to complete the drug screening, shortly after my arrival Tim Slaughter walked into the laboratory and I advised him there was no Technician on site. Tim Slaughter called Dave Levenson to report that there was no Technician on site. And Dave advised Tim to have Anthony to stay at the laboratory until midnight to complete the drug screening and if no Technician had arrived by that time Anthony could leave the laboratory.

My sons and I waited in the waiting room going without dinner. The Technician arrived approximately 9:30pm; by this time I was totally humiliated being subjected to this type of harassment. Once the test was completed, I proceed to go and get dinner for my sons and Tim Slaughter stopped me and asked me for a written statement in regards to the Overhead Crane incident. I advised Tim Slaughter this was not a good time for me to give a written statement due to the fact my sons and I had not had dinner yet. Tim advised me that they were suspending me until further notice.

On February 18, 2004 I placed a call to Tim Slaughter to follow-up in regards to my suspension and he advised that they were still working on it and there was an investigation in regards to the Overhead Crane incident.

Anthony Carter, Sr.<br>
28 Monticello Blvd.<br>
New Castel, DE 19720<br>
(302) 562-7587

On February 20, 2004 I received via FEDEX a discharge letter signed by Timothy J. Wamba, Branch Manager. I was also refused my vacation pay and Marmon Keystone attempted to interrupt my unemployment benefits however through the appeals process I was granted the unemployment benefits.

On February 20, 2004 I completed an intake interview with a Labor Law Enforcement Officer Brenda Sands concerning the possible filing of a charge of employment discrimination.

After meeting with the Labor Law Enforcement agency I proceeded to seek help through a professional attorney and was unsuccessful at obtaining an attorney due to lack of finances.

During my career with Marmon Keystone I remained professional with good attendance and with favorable evaluations. However this did not prohibit Dave Levenson, Operations Manager from subjecting me to severe and pervasive discrimination and harassment.

Thank you for giving me this opportunity to express my complaint.

Best regards,

Anthony Carter, Sr.

CC: Bayard J. Snyder
    Snyder & Associates, P.A.
    300 Delaware Avenue – Suite 1014
    P.O. Box 90
    Wilmington, Del. 19899