Anthony Carter Sr.
28 Monticello Blvd.
New Castle, De 19720
(302) 562-7587

United States District Court
District Of Delaware
J. Caleb Boggs Federal Bldg.
844 North King St. Room 6100
Lockbox 8
Wilmington, DE. 19801

**RE: Carter v. Marmon Keystone**
**C.A. No.: 05-311** XXX



RECEIVED
JAN 1 7 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

   I am Anthony Carter, Sr., former employee of Marmon Keystone Corporation ("Marmon Keystone") in the above caption matter. This case involves discrimination that lead to retaliation and wrongful termination of employment.

   It is my understanding that Title VII of the Civil Rights Act of 1964 is the cornerstone of the federal laws that prohibit discrimination in the workplace. This law prevents discrimination or harassment of employee because of race, color, religion, sex or national origin. Title VII also prohibits employers from retaliation against employee who have raised a complaint or filed a claim of the employment discrimination.

   At this time I would like to response to the Defendant's Renewed Motion to Dismiss. Under Title VII of the Civil Rights Act of 1964, Marmon Keystone's hiring practices become illegal when the company operates to the disadvantage of certain protected classes of individuals. While the employment practices may be neutral in appearance and intent, the company's hiring practices must reflect the characteristics of the surrounding community. For example, the company's selection process rejected a disproportionate number of blacks as compared to whites. This law prevents discrimination or harassment of employee because of race, color, religion, sex or national origin. Title VII also prohibits employers from retaliation against employee who have raised a complaint or filed a claim of the employment discrimination. Then the company would be guilty of adverse impact.

   In the Marmon Keystone Employee Handbook, Says that it's the company policy that all employees are responsible for assuring that the workplace is free from harassment and sexual harassment. Harassment includes statements, gestures or actions that interfere with job performance, are offensive, unwanted, or cause unnecessary discomfort, humiliation or harm, mentally or physically to another employee.

1

Anthony Carter Sr.
28 Monticello Blvd.
New Castle, De 19720
(302) 562-7587

Any employee who has a complaint of harassment at work by anyone, including supervisors, coworkers, or visitors must bring the problem to the attention of responsible company officials. Marmon Keystone will retain confidential documentation of all allegations and investigations and will take appropriate corrective action, including disciplinary measure which includes discharge when justified, to remedy all violations of this policy.

Also in the Handbook under Equal Employment Opportunity says that it's the basic policy of Marmon Keystone Corporation that all hiring and advancement will be based on the ability and integrity of the individual and that the Company will adhere to the United States Laws.

There will be no discrimination in any manner because of race, sex, age, nationality, disability, or any other personal characteristic that does not influence ability or integrity

According to Marmon Keystone associate handbook if an employee believes that a violation of our fair employment or fair treatment policies has occurred the employee should take the following steps in reporting the concern:
 1. Explain the situation to their immediate supervisor or manager.
 2. If you are not satisfied with your supervisor/managers response or if you are
 Uncomfortable speaking with him or her, immediately contact his or her manager
 Or your human resources representative.
 3. If you still feel that sufficient attention has not been given to your complaint, or
 if you are uncomfortable speaking with someone in your branch, contact the
 Employee Connection.

So I Motion of the Right to Appeal because during my Short Career with Marmon Keystone I remained professional with good attendance and favorable evaluations. However this did not prohibit Marmon Keystone from subjecting me to severe and pervasive discrimination, harassment and then retaliation. Racial harassment was unwelcome conduct that unreasonably interferes with my work performance, hostile and an offensive work environment. The most important step that I took in preventing harassment was clearly communicating to all my managers and human resources at Marmon Keystone that harassment based on my race will not be tolerated. Other important steps include call the Marmon Keystone Employee Connection Line to report that I was subjected to severe, frequent and pervasive harassment.
 Just one week after talking to the Employee Connection Line I was Discharge. The title VII of the Civil Rights Act says that an employer may not fire, demote, harass or

2

Anthony Carter Sr.
28 Monticello Blvd.
New Castle, De 19720
(302) 562-7587

otherwise "retaliate" against an individual for filling a charge of discrimination, participating in a discrimination proceeding, or otherwise opposing discrimination

In addition to the protections against retaliation that are included in all of the laws enforced by EEOC. Job requirements must be uniformly and consistently applied to persons of all races and colors. Even if a job requirement is applied consistently, if it's not important for job performance or business needs, the requirement may be found unlawful if it excludes persons of a certain racial group or color.

## MOTION OF RIGHT OF APPEAL

I believe that I have been discriminated and retaliated against in violation of the Title VII of the Civil Rights Act of 1964, as amended and the Delaware Discrimination in Employment Act based on my race (black) because:

1. After being selected as a top performer by Dave Levenson to transfer from Del. To Pa location to work
2. I was denied advancement and training opportunities like Stan Grzybowski (white), Dave Stanford (white).
3. Respondent instructed me and Chris Fountain (black) to perform menial duties while our white co-workers perform regular or light work. (See exhibit 1)
4. Respondent subjected me to extreme drug test requirements after an alleged incident by requesting me to wait until 12:00 midnight on Friday night to take a drug test while I cared for my 2 sons. (I completed the drug test about 10:00 p.m. as instructed).
5. After I reported my hostile work conditions to HR, I was accused (1 week later) of being involved in an incident which had a crane that did not have the proper (see exhibit 2) equipment and did not complete a final inspection.(see exhibit 3)
6. Respondent continuously subjected me to disparate treatment, hostile working conditions and ultimate termination during my tenure and after I complained about harassment and racial discrimination.(see exhibit 4)
7. All I wanted was to be in a compelling place to work. And I don't want anyone to have to go thought what Marmon Keystone sent me thought.

Best Regards,

Anthony Carter, Sr.

CC
BAYARD J SNYDER