IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ANTHONY CARTER, SR., | : |
| Plaintiff, | : |
| v. | : Civil Action No. 05-311-MPT |
| MARMON KEYSTONE, | : |
| Defendant. | : |

### MEMORANDUM OPINION

I.  Introduction

Before the court is defendant's ("Marmon Keystone") renewed motion to dismiss for insufficiency of process and insufficiency of service of process. D.I. 15. On May 19, 2005, plaintiff, Anthony Carter, Sr. ("Carter") filed a complaint which alleges that Marmon Keystone discriminated against him because of his race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et. seq. ("Title VII") and the Delaware Discrimination Employment Act. D.I. 2. Jurisdiction is under 28 U.S.C. § 1331 and 28 U.S.C. § 636.

II  Background

Carter filed his complaint alleging wrongful termination under Title VII and the Delaware Discrimination Employment Act. D.I. 2. To effectuate service, Carter mailed a notice of lawsuit and request for waiver of service of summons to Linda McCue, Vice-President of Human Resources for Marmon Keystone on September 20, 2005. D. I. 10 at 1. Carter's request for waiver did not include a copy of the complaint filed in this court. D.I. 10 at 3. This effort at service came shortly after the 120 day period

prescribed by Federal Rule of Civil Procedure ("FRCP") 4(m). D.I. 10 at 1.

Marmon Keystone originally moved to dismiss under Rules 12(b)(4) and (5) on the bases that Carter's attempted service occurred more than 120 days after the filing of the action and he failed to include a copy of his complaint with the request for waiver of service of summons. In opposition, Carter filed a "Motion for Right of Appeal" on November 28, 2005 which did not dispute that he failed to serve Marmon Keystone with a copy of his complaint within the 120 day period as required under Rules 4(d)(2)(C) and (m). Marmon Keystone's reply brief in support of its first motion to dismiss was filed on December 5, 2005.

Although the court acknowledged in its Memorandum Order dated April 7, 2006 that Carter failed to serve his complaint within the 120 day time frame, it determined that, by the expressed terms of Rule 4(m), dismissal is not automatic since the rule authorizes the court to "'direct that service be effected within a specified time.'" D.I. 13 at 2. The court noted that the 1993 *Advisory Committee Note* to the rule recognizes the need to protect *pro se* plaintiffs from the "consequences of confusion." *Id.* Further, in that Order, the court found that the notice and waiver form was received by Marmon Keystone "only slightly outside the 120-day window." D.I. 13 at 3. As a result, the court denied Marmon Keystone's motion and directed that Carter "must comply with the provisions of the Federal Rule of Civil Procedure within thirty days from the date of this Order." *Id.* Pursuant to the Memorandum Order, Carter was required to comply with the provisions of Rule 4 within a specified time.

Thereafter, on April 17, 2006, Carter served Marmon Keystone's counsel with a summons, but failed to include a copy of his complaint. D.I. 16 ¶¶ 1-3, Ex. 1. As a

result, Marmon Keystone renewed its motion to dismiss for insufficiency of process and insufficiency of service of process under Rule 12(b)(4) and (5) on June 8, 2006. D.I. 15.

On June 23, 2006, Carter advised that he would be on active duty from June 24, 2006 through July 7, 2006 by filing an "Affidavit of Active Duty". D.I. 17. At that time, Carter had not responded to the renewed motion to dismiss. By letter dated December 19, 2006, Marmon Keystone advised the court of the status of the case, noting that since the filing of its renewed motion to dismiss, the case had been in limbo. D.I. 19. The letter resulted in a telephonic conference between the court and the parties on January 10, 2007. During that teleconference, Carter and counsel for Marmon Keystone verbally consented to the jurisdiction of the Magistrate Judge. The court allowed Carter additional time in which to respond to Marmon Keystone's renewed motion to dismiss. Carter filed a letter response to the motion on January 17, 2007 and a document titled "Motion for Right to Appeal", which is construed by the court as a supplement response to the motion, on January 26, 2007. D.I. 24 and 26. On January 18, 2007, Carter and counsel for Marmon Keystone filed a written consent to the jurisdiction of the Magistrate Judge. D.I. 25. Marmon Keystone advised on January 31, 2007 that it would not file a reply brief in support of its renewed motion to dismiss. D. I. 27.

### III.   Discussion

Since the parties have consented to the jurisdiction of the Magistrate Judge by filing the appropriate document, the court has authority to decide this matter pursuant to 28 U.S.C. § 636.

Under FRCP 12(4) and (5), a court may dismiss a complaint because of insufficiency of process or insufficiency of service of process. Rule 4(c)(1) requires that a summons "be served together with a copy of the complaint." It also makes a plaintiff responsible for service of a summons and complaint within the time provided under Rule 4(m), that is, 120 days. Rule 4, therefore, mandates that a plaintiff must comply with its provisions. Notice or awareness of an action by a defendant alone cannot validate defective service. *Ayers v. Jacobs& Crumplar, P.A.*, 99 F.3d 565 (3d Cir. 1996).

Recognizing that Carter is proceeding *pro se*, the court in its April 7, 2006 Memorandum denied Marmon Keystone's first motion to dismiss, but required that Carter perfect service or properly request waiver of service within thirty days of that Order, that is, by May 8, 2006. When Carter attempted service by serving Marmon Keystone's counsel with a summons, he again failed to provide a copy of his complaint despite the clear analysis and instruction provided by the court in its April 7, 2006 Order.

By granting Carter additional time and another opportunity to provide proper service or to appropriately seek waiver of service, the court required that he "*must comply with the provisions*" of FRCP 4. In none of his filings in opposition to the original and present motions to dismiss does Carter explain why he could not comply with the federal civil procedural rules or the court's unambiguous direction.

Although Carter is *pro se*, he clearly understands and is capable of proceeding with his claim as evidenced by the filing of his claim with the appropriate administrative agencies, the timely filing of this action after issuance of a right to sue letter, the

completion and filing of his complaint with this court and his presentation of factual arguments in his responses to the motion.

The discrimination conduct alleged in this matter involves events occurring in 2004 and possibly as early as 2002. See D.I. 20, 24, 26. Delay to properly proceed with the case is not due to the conduct of Marmon Keystone.

## IV. Conclusion

Pursuant to the findings contained herein, defendant, Marmon/Keystone Corporation's Motion to Dismiss is GRANTED.

Date: March 29, 2007

_____
UNITED STATES MAGISTRATE JUDGE