Anthony Carter, Sr.
28 Monticello Blvd.
New Castle Del. 19720
(302) 562-7587

United States District Court
District Of Delaware
J. Caleb Boggs Federal Bldg.
844 North King St., Room 6100
Lockbox 8
Wilmington, DE 19801

cc: Bayard J. Snyder
Snyder & Associates, P.A.
300 Delaware Avenue
Suite 1014
Wilmington, Del. 19801

**RE: Carter v. Marmon Keystone**
**C.A. No.: 05-311**

## APPEAL THE CASE TO THE THIRD CIRCUIT

In compliance with the request of the Motion to Dismiss C.A No: 05-311 I would like to take this time to tell the court why I think that my case should not be dismissed. In my case Marmon Keystone never took my complaint seriously that I made to them during my short career with Marmon Keystone I remained professional with good attendance and favorable evaluations. However this did not prohibit Marmon Keystone from subjecting me to severe and pervasive discrimination, harassment and then retaliation. The racial harassment was unwelcome conduct that unreasonably interferes with my work performance, hostile and an offensive work environment. The most important step that I took in preventing harassment was clearly communicating to all my managers and human resources at Marmon Keystone that I was being harassed based on my race. Other important steps include calling the Marmon Keystone Employee Connection Line to report that I was subjected to severe, frequent and pervasive harassment.

**Title VII of the Civil Rights Act of 1964: Equal Employment Opportunity**
SEC. 701. For the purposes of this title---

(b) The term "employer" means a person engaged in an industry affecting commerce who has twenty-five or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person, but such term does not include (1) the United States, a corporation wholly owned by the Government of the United States, an Indian tribe, or a State or political subdivision thereof, (2) a bona fide private membership club (other than a labor organization) which is exempt from taxation under section 501(c) of the Internal Revenue Code of 1954: Provided, That during the first year after the effective date prescribed in subsection (a) of section 716, persons having fewer than one hundred employees (and their agents) shall not be considered employers, and, during the second year after such date, persons having fewer than seventy-five employees (and their agents) shall not be considered employers, and, during the third year after such date, persons having fewer than fifty employees (and their agents) shall not be considered employers: Provided further, That it shall be the policy of the United States to insure equal employment opportunities for Federal employees without discrimination because of race, color, religion, sex or national origin and the President shall utilize his existing authority to effectuate this policy.

SEC. 703. (a) It shall be an unlawful employment practice for an employer--

1

(1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or

(2) To limit, segregate, or classify his employees in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin.

(b) It shall be an unlawful employment practice for an employment agency to fail or refuse to refer for employment, or otherwise to discriminate against, any individual because of his race, color, religion, sex, or national origin, or to classify or refer for employment any individual on the basis of his race, color, religion, sex, or national origin.

(c) It shall be an unlawful employment practice for a labor organization–

(1) To exclude or to expel from its membership, or otherwise to discriminate against, any individual because of his race, color, religion, sex, or national origin;

(2) to limit, segregate, or classify its membership, or to classify or fail or refuse to refer for employment any individual, in any way which would deprive or tend to deprive any individual of employment opportunities, or would limit such employment opportunities or otherwise adversely affect his status as an employee or as an applicant for employment, because of such individual's race, color, religion, sex, or national origin; or

(3) To cause or attempt to cause an employer to discriminate against an individual in violation of this section.

(d) It shall be an unlawful employment practice for any employer, labor organization, or joint labor-management committee controlling apprenticeship or other training or retraining, including on-the-job training programs to discriminate against any individual because of his race, color, religion, sex, or national origin in admission to, or employment in, any program established to provide apprenticeship or other training.

(e) Notwithstanding any other provision of this title, (1) it shall not be an unlawful employment practice for an employer to hire and employ employees, for an employment agency to classify, or refer for employment any individual, for a labor organization to classify its membership or to classify or refer for employment any individual, or for an employer, labor organization, or joint labor-management committee controlling apprenticeship or other training or retraining programs to admit or employ any individual in any such program, on the basis of his religion, sex, or national origin in those certain instances where religion, sex, or national origin is a bona fide occupational qualification reasonably necessary to the normal operation of that particular business or enterprise, and (2) it shall not be an unlawful employment practice for a school, college, university, or other educational institution or institution of learning to hire and employ employees of a particular religion if such school, college, university, or other educational institution or institution of learning is, in whole or in substantial part, owned, supported, controlled, or managed by a particular religion or by a particular religious corporation, association, or society, or if the curriculum of such school, college, university, or other educational institution or institution of learning is directed toward the propagation of a particular religion.

**EFFECT ON STATE LAWS**
**SEC. 708. Nothing in this title shall be deemed to exempt or relieve any person from any liability, duty, penalty, or punishment provided by any present or future law of any State or political subdivision of a State, other than any such law which purports to require or permit the doing of any act which would be an unlawful employment practice under this title.**

The best known of employment anti-discrimination laws, Title VII of the Civil Rights Act of 1964, prohibits an employer with fifteen or more employees from discriminating on the basis of race, national origin, gender, or religion. Under Title VII, it is illegal for an employer to take any of the following actions against an employee based upon his or her race, national origin, gender, or religion:

- Refuse to hire;
- Discipline;
- Fire;

2

- Deny training;
- Fail to promote;
- Pay less or demote; or
- Harass.

Also see the guidelines for handling discrimination and harassment complaints (exhibit 1).

## CONCLUSION

Just one week after talking to Linda McCue V P Human Resources of the Employee Connection Line I was Discharge. The title VII of the civil right Act says that an employer may not fire, demote, harass or "retaliate" against an individual for filling a charge of discrimination. I feel that she did not interview any witnesses to get detailed information on conducting an investigation. All I wanted and still want is for someone to take my complaint seriously. I am not a lawyer but I know what I went thought and I don't want anyone to have to go thought what I went thought. It is against the law to punish someone for complaining about discrimination, harassment, retaliation or termination. If I was wrong I would not be going thought this, in my heart I know I did not do anything wrong I was punish because I am black and was not on the same playing filed as everyone in the workplace. And when I complained, I went about it in a professional manner. All I wanted Marmon Keystone to do was work it out in a professional manner or by the law. So now I am asking the courts to not do what Marmon Keystone did to me but let's do what the law says is the right thing to do NO DISCRIMINATION, HARASSMENT OR RETALIATION.

1 April 07

<u>Anthony Carter, Sr.</u>

3

# Guidelines for Handling Discrimination and Harassment Complaints

**Reduce your legal risks by dealing with discrimination and harassment complaints quickly and carefully.**

Most employers are anxious when faced with discrimination and harassment complaints. And with good reason: Such complaints can lead to workplace tension, government investigations, and even costly legal battles. If the complaint is mishandled, even unintentionally, an employer may unwittingly put itself out of business.

If you take the complaint seriously, however, and follow a careful strategy for dealing with it, you can reduce the likelihood of a lawsuit and even improve employee relations in the process.

Here are some basics rules to follow if you receive a complaint of discrimination or harassment:

- **Keep an open mind.** Many employers have a hard time believing that discrimination or harassment could be happening right under their noses. As a result, they often fail to investigate complaints, assuming that they could not possibly be true. Unfortunately, failing to investigate a complaint is a surefire way to land in court. Investigate every complaint you receive. Don't come to any conclusions until your investigation is complete.

- **Treat the complainer with respect and compassion.** Employees often find it extremely difficult to complain about discrimination or harassment. They feel vulnerable and afraid. This can have an impact on the quality of their work, and it can also lead them to seek outside assistance from lawyers. When an employee comes to you with concerns about discrimination or harassment, be understanding. An employee who feels that you are taking the problem seriously is less likely to escalate the issue to a government agency or to court.

- **Do not blame the complainer.** You may be tempted to become angry at the complaining employee for the fact that you must now deal with the specter of discrimination and harassment in your business. But don't forget that the complaining employee is the victim and not the cause of the problem. If you allow yourself to become angry at the employee, you open yourself up to claims of illegal retaliation (see next tip, below). You also run the risk of polarizing your workplace, damaging morale, and lowering productivity.

- **Don't retaliate against the complainer.** It is against the law to punish someone for complaining about discrimination or harassment. The most obvious forms of

1

retaliation are termination, discipline, demotion, pay cuts, or threats to do any of these things. More subtle forms of retaliation may include changing the shift hours or work area of the accuser, changing the accuser's job responsibilities, or isolating the accuser by leaving her out of meetings and other office functions.

- **Follow established procedures.** If you have an employee handbook or other documented policies relating to discrimination and harassment, follow those policies. Don't open yourself up to claims of unfair treatment by bending the rules.

- **Educate yourself.** Do some research on the law of discrimination and harassment: what it is, how it is proven in court, and what your responsibilities are as an employer?

- **Interview the people involved.** Start by talking to the person who complained. Find out exactly what the employee's concerns are. Get details: what was said or done, when, and where, and who else was there. Take notes of your interviews. Then talk to any employees who are being accused of discrimination or harassment. Get details from them as well. Be sure to interview any witnesses who may have seen or heard any problematic conduct. Gather any relevant documents. For detailed information on conducting an investigation, see *Workplace Investigations*, by Lisa Guerin (Nolo) (it includes separate chapters on investigating discrimination and harassment).

- **Look for corroboration or contradiction.** Discrimination and harassment complaints often offer the classic example of "he said/she said." Often, the accuser and accused offer different versions of incidents, leaving you with conflicting stories. You may have to turn to other sources for clues. For example, schedules, time cards, and other attendance records (for trainings, meetings, and so on) may help you determine if each party was where he or she claimed to be. Witnesses -- including coworkers, vendors, customers, or friends -- may have seen part of an incident. And, in some cases, documents will prove one side right. After all, it's hard to argue with an email that contains racial slurs or sexual innuendo.

- **Keep it confidential.** A discrimination complaint can polarize a workplace. Workers will likely side with either the complaining employee or the accused employee, and the rumor mill will start working overtime. Worse, if too many details about the complaint are leaked, you may be accused of damaging the reputation of the alleged victim or alleged harasser -- and get slapped with a defamation lawsuit. Avoid these problems by insisting on confidentiality and practicing it in your investigation.

2

- **Write it all down.** Take notes during your interviews. Before the interview is over, go back through your notes with the interviewee to make sure you got it right. Keep a journal of your investigation. Write down the steps you have taken to get at the truth, including dates and places of interviews you have conducted. Write down the names of all documents you have reviewed. Document any action taken against the accused or the reasons for deciding not to take action. This written record will protect you later if your employee claims that you ignored a complaint or conducted a one-sided investigation.

- **Cooperate with government agencies.** If the employee makes a complaint with a government agency (either the federal Equal Employment Opportunity Commission (EEOC) or an equivalent state agency), that agency may investigate. It will probably ask you to provide certain documents, give your side of the story, and explain any efforts you made to deal with the complaint yourself. Be cautious, but cooperative. Try to provide the agency with the materials it requests, but remember that the agency is gathering evidence that could be used against you later. This is a good time to consider hiring a lawyer to advise you.

- **Consider hiring an experienced investigator.** Many law firms and private consulting agencies will investigate workplace complaints for a fee. You might consider bringing in outside help if more than one employee complains of harassment; the accused is a high-ranking official in your business (like the president or CEO); the accuser has publicized the complaint, either in the workplace or in the media; the accusations are extreme (allegations of rape or assault, for example); or, for any reason, you feel too personally involved to make a fair, objective decision.

- **Take appropriate action against the wrongdoer(s).** Once you have gathered all the information available, sit down and decide what you think really happened. If you conclude that some form of discrimination or harassment occurred, figure out how to discipline the wrongdoer(s) appropriately. Termination may be warranted for more egregious kinds of discrimination and harassment, such as threats, stalking, or repeated and unwanted physical contact. Lesser discipline, such as a warning or counseling, might be in order if the harassment arises out of a misunderstanding (a blundered attempt to ask a coworker on a date, for example). Once you have decided on an appropriate action, take it quickly, document it, and notify the accuser.

3